UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

| | |
|---|---|
| ANGELA LAWRENCE, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | 15 CV 8947 (WHP) |
| CITY OF NEW YORK, DANIEL NUNEZ, Individually, DANIEL BEDDOWS, Individually, JUAN RODRIGUEZ, Individually, JENS MALDONADO, Individually, JOHN ANZELINO, Individually, and MICHAEL RASO, Individually, | **Jury Trial Demanded** |
| Defendants. | |

---------------------------------------------------------------------------------X

Plaintiff ANGELA LAWRENCE, by her attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.   Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.   Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.   Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ANGELA LAWRENCE is a forty-nine-year-old African-American woman residing in Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, DANIEL NUNEZ, DANIEL BEDDOWS, JUAN RODRIGUEZ, JENS MALDONADO, JOHN ANZELINO, and MICHAEL RASO, were duly sworn police officers or supervisors of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12. On August 16, 2014, at approximately 1:00 a.m., plaintiff ANGELA LAWRENCE was lawfully present inside her apartment, located on the second and third floor of 1818 Bussing Avenue, a three-family residential building in Bronx, New York.

13. At that time, LAWRENCE heard someone knocking on the door to her apartment, which is located on the second floor of 1818 Bussing Avenue.

14. LAWRENCE's son, Cordero Rumph, went to the apartment door to see who was knocking.

15. Shortly thereafter, LAWRENCE heard voices coming from the direction of her apartment door and approached the door.

16. As LAWRENCE was walking down the stairs that led from the inside of her apartment on the third floor to her apartment door on the second floor, she encountered one of the individually named defendant officers, other than defendant NUNEZ.

17. The defendant officer told LAWRENCE that he was looking for someone and wanted to search her apartment. LAWRENCE stated, in sum and substance, that there was no one in her apartment except for herself and her son Cordero and asked the defendant officer if he had a search warrant. The defendant officer then responded, in sum and substance – no, I don't have a warrant, I don't need a fucking search warrant, I can do whatever the fuck I want. LAWRENCE responded, in sum and substance, that she believed that he needed a search warrant or her permission to search her home. The defendant officer responded, in sum and substance, that they could do this the easy way or the hard way. LAWRENCE responded, in sum and substance, what do you mean, I'm not going to let you search my home unless you have a search warrant. The defendant officer then pushed past LAWRENCE, causing her to fall and hit her head and back against the stair, and then proceeded up the stairs and into LAWRENCE'S

3

apartment.

18. Another individually named defendant officer, other than defendant NUNEZ and the defendant officer referenced *supra* in paragraphs 16 and 17, then entered the stairway and stated to LAWRENCE in sum and substance – you have five minutes to get the fuck out of here. He then walked up the stairs and entered LAWRENCE's apartment.

19. Thereafter, the other individually named defendants, other than NUNEZ and the two defendant officers referenced *supra* in paragraphs 16 through 18, entered LAWRENCE's apartment.

20. The defendant officers' conduct caused LAWRENCE to become very frightened and scared. LAWRENCE exited her apartment and proceeded to the first floor landing of 1818 Bussing Avenue.

21. When LAWRENCE arrived on the first floor landing, she observed defendant DANIEL NUNEZ standing over her son, Cordero Rumph, who was seated on the floor, with his back against the wall.

22. The defendant officers entered and searched LAWRENCE's apartment, damaged LAWRENCE's personal property, and took money from LAWRENCE's apartment.

23. The defendant officers did not have permission to enter LAWRENCE's apartment nor to damage and take her personal property, nor did they have a valid search warrant or any legal justification whatsoever to enter LAWRENCE's apartment.

24. NUNEZ participated in or failed to intervene in the unlawful conduct of the other defendant officers as described herein.

25. Approximately one hour later, the individually named defendant officers exited 1818 Bussing Avenue, leaving LAWRENCE and her son in the building.

26. The defendant officers did not formally arrest anyone inside 1818 Bussing

4

Avenue and did not recover any weapons or contraband from LAWRENCE's home.

27. Upon re-entering her apartment, LAWRENCE discovered that her furnishings and personal property had been intentionally damaged.

28. The damage included, but was not limited to, broken mirrors, mattresses and couches cut open, damaged furniture, and closet doors ripped from their hinges.

29. LAWRENCE also discovered that $1,500 in United States currency was missing from her apartment.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

31. Following the incident, LAWRENCE filed a complaint with the CITY OF NEW YORK's Civilian Complaint Review Board who found that LAWRENCE's allegations were substantiated, namely that the defendants abused their authority by entering and searching LAWRENCE's home and damaging her property.

32. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained, supervised, and disciplined regarding: the use of force, entering and searching an individual's home, damaging an individual's personal property when searching their home, the duty to intervene when other police officers abuse their authority, and the duty to report other police officers for abusing their authority.

33. Defendant CITY OF NEW YORK is further aware that such improper supervision and training has often resulted in a deprivation of civil rights. Despite such notice,

defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the LAWRENCE's civil rights.

34. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff ANGELA LAWRENCE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. As a result of the foregoing, plaintiff ANGELA LAWRENCE sustained, *inter*

*alia*, physical and psychological injuries, emotional distress, embarrassment, humiliation, and deprivation of her liberty and constitutional rights.

41. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by the defendant officer described in paragraphs 16 and 17 *supra* was excessive, objectively unreasonable and otherwise in violation of plaintiff ANGELA LAWRENCE's constitutional rights.

44. As a result of the aforementioned conduct, plaintiff ANGELA LAWRENCE was subjected to excessive force and sustained physical injuries and emotional distress.

45. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Unlawful Entry into the Home 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Upon information and belief, defendants BEDDOWS, RODRIGUEZ,

MALDONADO, ANZELINO, and RASO unlawfully entered plaintiff ANGELA LAWRENCE's home without a warrant authorizing their entry or any lawful justification.

48. As a result, plaintiff ANGELA LAWRENCE's right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

49. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants BEDDOWS, RODRIGUEZ, MALDONADO, ANZELINO, and RASO unreasonably searched plaintiff ANGELA LAWRENCE's home.

52. Defendants unreasonably searched plaintiff ANGELA LAWRENCE's home, thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

53. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendant DANIEL NUNEZ had an affirmative duty to intervene on behalf of

plaintiff ANGELA LAWRENCE, whose constitutional rights were being violated in his presence by other officers.

56. Defendant NUNEZ failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiff ANGELA LAWRENCE was subjected to excessive force, and her home was unlawfully entered and searched.

58. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK's Police Department included, but were not limited to, police officers: using excessive force against individuals, unlawfully entering and searching homes without a valid search warrant or lawful justification, failing to intervene when another officer abuses his authority, and failing to report another officer for their unlawful conduct. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ANGELA LAWRENCE's rights as described herein. As a result of the

failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ANGELA LAWRENCE.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ANGELA LAWRENCE as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ANGELA LAWRENCE as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ANGELA LAWRENCE was subjected to excessive force, and her home was unlawfully entered and searched.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ANGELA LAWRENCE'S constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff ANGELA LAWRENCE

of federally protected rights, including, but not limited to, the right:

      A.      To be free from excessive force;

      B.      To be free from unlawful entry into her home;

      C.      To be free from unlawful/unreasonable search; and

      B.      To be free from the failure to intervene.

68. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## **Supplemental State Law Claims**

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiff has complied with all conditions precedent to maintaining the instant action.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

11

## AS AND FOR A SIXTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. As a result of the defendants' conduct as described herein, plaintiff ANGELA LAWRENCE was placed in apprehension of imminent harmful and offensive bodily contact.

77. As a result of defendants' conduct as described herein, plaintiff ANGELA LAWRENCE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

78. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. The defendant described in paragraphs 16 and 17 *supra* made offensive contact with plaintiff ANGELA LAWRENCE without privilege or consent.

81. As a result of the defendant's conduct, plaintiff ANGELA LAWRENCE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

82. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Trespass to Chattels under the laws of the State of New York)

83.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.   Defendants BEDDOWS, RODRIGUEZ, MALDONADO, ANZELINO, and RASO damaged and thus physically interfered with plaintiff ANGELA LAWRENCE's personal property without privilege or consent.

85.   As a result of defendants BEDDOWS, RODRIGUEZ, MALDONADO, ANZELINO, and RASO's physical interference, plaintiff ANGELA LAWRENCE cannot fully utilize and enjoy her personal property.

86.   As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Conversion under the laws of the State of New York)

87.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.   Defendants BEDDOWS, RODRIGUEZ, MALDONADO, ANZELINO, and RASO intentionally, and without plaintiff ANGELA LAWRENCE's permission or authority, exercised control over $1,500 United States currency that belonged to plaintiff, thereby interfering with plaintiff's rights to said monies.

89.   As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York</u>)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who committed the unlawful acts described herein.

92. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

93. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(<u>Negligent Training and Supervision under the laws of the State of New York</u>)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who committed the unlawful acts described herein.

96. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>)

97. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

99. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(<u>*Respondeat Superior* liability under the laws of the State of New York</u>)

100. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

102. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

103. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. As a result of defendants' conduct, plaintiff ANGELA LAWRENCE was deprived of her right to security against unreasonable searches, seizures, and interceptions.

105. As a result of the foregoing, plaintiff ANGELA LAWRENCE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ANGELA LAWRENCE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 22, 2016

                                            LEVENTHAL LAW GROUP, P.C.
                                            Attorneys for Plaintiff ANGELA LAWRENCE
                                            45 Main Street, Suite 230
                                            Brooklyn, New York 11201
                                            (718) 556-9600

                                            By:   s/_____
                                                   JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
ANGELA LAWRENCE,

           Plaintiff,

                     15 CV 8947 (WHP)

  -against-


CITY OF NEW YORK, DANIEL NUNEZ, Individually,
DANIEL BEDDOWS, Individually, JUAN RODRIGUEZ,
Individually, JENS MALDONADO, Individually,
JOHN ANZELINO, Individually, and MICHAEL RASO,
Individually,

           Defendants.


--------------------------------------------------------------------------------X



**AMENDED COMPLAINT**








**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600