Law Offices Of
## Michael S. Ross
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
FORTY-SEVENTH FLOOR
NEW YORK, NY 10165

TELEPHONE
(212) 505-4060
FACSIMILE
(212) 505-4054
E-MAIL
michaelross@rosslaw.org

October 26, 2017

**By ECF & First Class Mail**

Hon. William H. Pauley III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

        Re:   *Angela Lawrence v. City of New York, et al.*,
                  15 Civ. 8947 (WHP) (AJP).

Dear Judge Pauley:

      As you know, I am special professional responsibility counsel to Jason Leventhal, Esq., counsel to Plaintiff Angela Lawrence, in connection with Mr. Leventhal's pending application to withdraw and other related issues. Pursuant to Your Honor's direction at the October 24, 2017 conference in this matter, I am writing to respectfully request permission to submit under seal for the Court's *in camera, ex parte* review a Declaration by Mr. Leventhal setting forth the factual basis for Mr. Leventhal's pending application to withdraw from representing Ms. Lawrence.

      Generally, Rule 1.6 of the New York Rules of Professional Conduct ("RPC") (applicable to this proceeding pursuant to Rule 1.5[b][5] of the Local Rules of the Southern and Eastern District Courts of New York) prohibits an attorney from revealing confidential information. "Confidential information" consists of information gained during or relating to the representation of a client, whatever its source: (a) that is protected by the attorney-client privilege, (b) that is likely to be embarrassing or detrimental to the client if disclosed or (c) that the client has requested be kept confidential. RPC 1.6. An attorney can, however, as a matter of ethics, disclose confidential information in connection with a motion to withdraw, if the attorney is ordered to do so by the court. RPC 1.6(b)(6).

      The case law demonstrates that courts can (and do) authorize *in camera, ex parte* filings in connection with a lawyer's or law firm's motion to withdraw from representing a party. The reasons underlying this practice were clearly set forth in <u>Ficom Int'l, Inc. v. Israeli Export Institute</u>, 1989 U.S. Dist. LEXIS 1368, at *6 n.1 (S.D.N.Y. Feb. 10, 1989), where this Court noted that because withdrawal motions often rely on documents and other information protected by the

Law Offices Of
Michael S. Ross

Hon. William H. Pauley III
Thursday, October 26, 2017
Page 2

attorney-client privilege, "the proper practice for an attorney in applying for an order relieving him from responsibility in a case is to serve opposing counsel with a 'bare bones' notice of motion, but being careful to submit the supporting documents to the trial court for inspection in camera."

Recently, in C.D.S. Inc. v. Zetler, 2017 U.S. Dist. LEXIS 43159 (S.D.N.Y. Mar. 23, 2017), Magistrate Judge James L. Cott addressed a law firm's application to withdraw in a hotly contested commercial dispute. In sealing the submission, the Court observed that the practice was "typical":

> "As is typical in these circumstances, the Court directed [the law firm] to submit its memorandum and any supporting materials *ex parte* given that the attorney-client relationship is implicated in the nature of its application. The Court will file these papers under seal. It is well-settled that this is the appropriate method to proceed in these circumstances."

Id. at *15 n.2; see also, e.g., Karimian v. Time Equities, Inc., 2011 U.S. Dist. LEXIS 51916, at *19 (S.D.N.Y. May 11, 2011) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and [] this method is viewed favorably by the courts."), *quoting* Team Obsolete, Ltd. v. A.H.R.M.A., Ltd., 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) (alterations in original); ISC Holding AG v. Nobel Biocare Investments, N.V., 759 F. Supp. 2d 289, 294 (S.D.N.Y. 2010) (observing that *in camera* submissions related to withdrawal motions are "normal practice"); Rivera v. Carroll, 2009 U.S. Dist. LEXIS 102355, at *2 (S.D.N.Y. Nov. 2, 2009) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."), *quoting* Weinberger v. Provident Life and Cas. Co., 1998 U.S. Dist. LEXIS 19859, at *1-2 (S.D.N.Y. Dec. 23, 1998) (alteration in original); Rophaiel v. Alken Murray Corp., 1997 U.S. Dist. LEXIS 23248, at *1 (S.D.N.Y. Jan. 2, 1997) (directing *in camera* submissions on motion to withdraw to allow the Court to fully understand the nature of a conflict between client and counsel).

Mr. Leventhal stands ready to submit for the Court's *in camera, ex parte* review a Declaration setting forth the factual basis for his pending application to withdraw.

Respectfully submitted,

*[signature]*

Michael S. Ross

Law Offices Of
Michael S. Ross

Hon. William H. Pauley III
Thursday, October 26, 2017
Page 3

cc:     All Counsel
        (By ECF)

        Ms. Angela Lawrence
        1818 Bussing Avenue
        Bronx, New York 10466
        (By First Class Mail)